UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

LUIS GOMEZ ORTIZ,

                Defendant.

19-cr-536 (PKC)

ORDER

CASTEL, Senior District Judge:

        On April 13, 2023, defendant was sentenced principally to a term of imprisonment of 120 months. (Minute Entry, April 13, 2023; ECF 426.)

        On July 23, 2024, defendant, proceeding pro se, moved for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively. (ECF 569.) The United States Probation Department has issued a report indicating that defendant is not eligible for a sentence reduction under Amendment 821. Defendant also moves for a role reduction under 18 U.S.C. § 3582(c)(2), which, for reasons that will be explained, will be denied.

Amendment 821

        Defendant is precluded from receiving a "Status Points" adjustment because he did not receive an enhancement for committing the instant offense while under a criminal justice sentence.

        Defendant is ineligible for a "Zero-Points Offender" reduction because he does not meet all of the necessary criteria to receive the reduction under U.S.S.G. § 4C1.1.

1

Specifically, at the original time of sentencing, defendant received an adjustment under § 3B1.1 (Aggravating Role).

Defendant concedes that he received an aggravating role adjustment but asserts that this does not automatically disqualify him from the relief he seeks. (ECF 569 at 2-4.) Instead, he urges the Court to interpret this subsection of the Sentencing Guidelines to mean that, in order to be disqualified from receiving a sentence reduction, the defendant must have both received an adjustment for an aggravating role and have been engaged in a continuing criminal enterprise. See U.S.S.G. § 4C1.1(a) ("If the defendant meets all of the following criteria . . . . (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level . . . by 2 levels."). (ECF 569 at 3-4.) Defendant notes that he was not engaged in a continuing criminal enterprise, and therefore, he asserts that under his reading of the statute, he qualifies for a sentence reduction because he does not meet both of the criteria in subsection (10). (Id. at 4.)

Defendant also cites a proposed revision to the Guidelines by the United States Sentencing Commission, which would break this provision into two separate subsections: "(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." (Id. at 9; United States Sentencing Commission, Amendments to the Sentencing Guidelines (Preliminary), April 17, 2024, https://www.ussc.gov/sites/default/files/pdf /amendment-process/reader-friendly-amendments/202404_prelim-rf.pdf (last visited Oct. 3, 2024).)

A later publication by the Sentencing Commission indicates that this amendment to the Guidelines was adopted and will go into effect in November 2024. (United States

Sentencing Commission, Amendments to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202405_Amendments.pdf, at 30-31 (last visited Oct. 3, 2024).)[1]

The Sentencing Commission has stated, however, that the amendment cited by defendant is a non-substantive, "technical and conforming change" to this provision, explaining: "The Commission intended §4C1.1(a)(10) to track the safety valve criteria at 18 U.S.C. § 3553(f)(4), such that defendants are ineligible for safety valve relief if they either have an aggravating role or engaged in a continuing criminal enterprise. It is not required to demonstrate both. To clarify the Commission's intention that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions in the provision, the amendment makes technical changes to §4C1.1 to divide subsection (a)(10) into two separate provisions (subsections (a)(10) and (a)(11))." (Id. at 32-33 (citations omitted).)

Therefore, the source cited by defendant in support of his argument makes it clear that the Sentencing Commission intended a defendant to be ineligible for the Zero-Point Offender adjustment if the defendant meets either of the disqualifying conditions in the current version of subsection (10). Here, the defendant meets one of those disqualifying conditions—he received an adjustment under § 3B1.1 for an Aggravating Role. Therefore, he is not eligible for the Zero-Point Offender Adjustment.

The Court concludes that this provision of the Sentencing Guidelines is not ambiguous, even without the clarification in the amendment. Thus, the Court declines to apply the "rule of lenity," as defendant urges. (ECF 569 at 7-8.)

---

[1] See also United States Sentencing Commission, Adopted Amendments (Effective November 1, 2024), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2024 (last visited Oct. 3, 2024).

Sentence Reduction under Section 3582(c)(2)

Defendant also moves for a sentence reduction under § 3582(c)(2), asserting that the § 3553(a) factors weigh in his favor and that he should be considered for a role reduction under U.S.S.G. § 3B1.2(b). (ECF 569 at 10-14.) Defendant seeks a reduction of his sentence to 96 months' imprisonment. (Id. at 14.)

There is no reference in the motion to defendant's having exhausted the available remedy of applying for release to the warden of the facility where he is incarcerated and either the application is thereafter denied by the warden or no action is taken by the warden within thirty days. 18 U.S.C. § 3582(c)(1)(A). Because defendant has not exhausted his remedy, his motion will be denied. The Court acknowledges that exhaustion under section 3582(c) is not jurisdictional. United States v. Saladino, 7 F.4th 120, 121 (2d Cir. 2021).

The Court prudentially states that had defendant exhausted his remedy, the Court would not grant the motion. "Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if the sentence was based on a Guidelines range that was subsequently lowered by the Sentencing Commission." United States v. Kupa, 768 F. App'x 53, 54 (2d Cir. 2019) (summary order) (citing 18 U.S.C. § 3582(c)(2)); see also United States v. Gil-Reyes, 671 F. App'x 20, 21 (2d Cir. 2016) (summary order) (citing United States v. Borden, 564 F.3d 100, 103–04 (2d Cir. 2009)) ("Under § 3582(c)(2), a district court may reduce a defendant's sentence only if it was based on a sentencing range that the Sentencing Commission subsequently lowered and the reduction would be consistent with applicable Guidelines policy statements.").

Defendant, however, makes no argument that the Guidelines range under which he was originally sentenced has subsequently been lowered by the Sentencing Commission.

4

(ECF 569.) Defendant acknowledges, in fact, that he was initially sentenced to a below-guidelines sentence of 120 months' imprisonment, far below the stipulated guidelines range of 235 to 293 months' imprisonment. (Id. at 12; PSR at 4; ECF 435 (Sentencing Tr.) at 3-4, 34-35.)

Instead, defendant seeks for the Court to reduce his role by "some number of levels," with the exact number of levels "being in the discretion of the Court." (ECF 569 at 12.) "[D]ecisions about role adjustments are not to be reexamined on a § 3582(c)(2) motion," however. Gil-Reyes, 671 F. App'x at 21 (citing Dillon v. United States, 560 U.S. 817, 831 (2010)).

The Court would still decline to reduce defendant's role if it were able to reach the merits of defendant's argument on a section 3582(c)(2) motion. Here, the PSR, to which defendant did not object, explicitly states that defendant was "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive; therefore, three levels are added, pursuant to § 3B1.1(b). Among other things, Gomez Ortiz recruited co-defendant Daniel Rodriguez and provided him with instructions during the course of the conspiracy." (PSR at 12 ¶ 39; see also id. at 11 ¶ 31.)

Section 3B1.1(b) provides that "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive," his offense level should be increased by 3 levels. This is exactly the role described in the PSR: the defendant recruited his Bronx-based friend, Rodriguez, to participate in the conspiracy and traveled to the Bronx to help him receive and distribute the cocaine, including instructing him on how to open, count, and package the cocaine. (PSR at 11-12 ¶¶ 31, 39.) The overall drug trafficking conspiracy in which defendant participated was responsible for trafficking approximately 4,500 kilograms of cocaine. (Id. at 5 ¶ 11.)

U.S.S.G. § 3B1.2 provides for a decrease in a defendant's offense level if the defendant had a "minimal" or "minor" role in the offense. But, as defendant acknowledges, and as he did not dispute at the time of sentencing, defendant received an increase of three points in his offense level under U.S.S.G. § 3B1.1 for his aggravating role described above. (PSR at 11-12 ¶¶ 31, 39; ECF 435 (Sentencing Tr.) at Tr. 3-4.) At sentencing, defendant's counsel characterized these points as a "technical enhancement," but acknowledged that defendant had recruited his friend into the conspiracy, resulting in that enhancement. (ECF 435 at Tr. 7.) The government asserted that defendant had played a more "active role" than defense counsel had represented and that he had given extensive instructions and had managed other members of the conspiracy. (Id. at Tr. 20-27.) The Court pointed out that it had adopted without objection the PSR, which laid out the fact that defendant had instructed others on how to handle and package the drugs, which defense counsel acknowledged. (Id. at Tr. 5-6.) The Court also acknowledged that "[n]obody is suggesting" that defendant was one of the "big guys" in the conspiracy. (Id. at Tr. 16.)

The Court, in stating its reasons for its sentence, acknowledged that defendant's participation in the conspiracy had taken place over a "limited period of time" and that he had not engaged in any violence or possessed any firearms, but that he had recruited Rodriguez had and instructed him regarding the cocaine shipments. (Id. at Tr. 29-30.) The Court ultimately sentenced defendant to a below-Guidelines sentence of 120 months, taking into account these and other factors. (Id. at Tr. 34-35.)

The Second Circuit has affirmed a district court's conclusion that a "minor role" reduction did not apply to certain defendants who "contend[ed] that they had only limited knowledge of the criminal activity; no role in planning, organizing, or financing the activity; and

6

no decision-making authority," noting that "a reduction 'will not be available simply because the defendant played a lesser role than his co-conspirators.'" United States v. Solis, 18 F.4th 395, 402 (2d Cir. 2021) (quoting United States v. Carpenter, 252 F.3d 230, 235 (2d Cir. 2001), as amended (July 19, 2001)).

Defendant asserts that, if the Court does not apply a reduction to his role, the Court should "vary or depart downward," which is warranted by the section 3553(a) factors as applied to his case. (ECF 569 at 13.) But if the Court were able to reach this argument, it would conclude that the section 3553(a) factors, too, weigh against a sentencing reduction. As discussed, the defendant participated in a conspiracy to ship cocaine concealed in furniture from Puerto Rico to the continental United States. (PSR at 11 ¶ 31.) The defendant recruited his friend to participate in the conspiracy. He traveled to the Bronx and gave his friend instructions about how to open, count, and package the cocaine without damaging it. (Id.) Defendant pleaded guilty to transporting at least 500 grams of cocaine from Puerto Rico to the Bronx while knowing that it was illegal. (Id. ¶ 34.) Upon his arrest, he consented to a search of his apartment, where police recovered six cell phones, more than $100,000 in cash, and a currency counting machine. (Id. ¶ 31; see also ECF 435 at Tr. 30.)

Defendant urges that he had a limited role and was a comparatively low-level participant in the conspiracy (characterizing himself as a "runner") and that his "clean criminal record" counsels in favor of a sentence reduction. (ECF 569 at 12-13.) He also states that, at the time of his arrest, he was not found in possession of "a significant amount of currency" or any firearms. (Id.) The Court notes, however, as it did at the time of sentencing—and as noted in the PSR—that defendant was found to be in possession of more than $100,000 in cash and a currency-counting machine at the time of his arrest. (PSR at 11 ¶ 31; ECF 435 at Tr. 15-16, 30.)

7

Although defense counsel asserted at sentencing that defendant was "the guy . . . holding the bag" when he was arrested in possession of that money, he also acknowledged that the money was found at an apartment for which defendant had signed the lease. (Id. at Tr. 15-16.)

In this case, then, the section 3553(a) factors counsel against a sentence reduction of defendant's original sentence that was below the advisory Guidelines range.

Defendant's application for a sentence reduction under Amendment 821 and his motion under 18 U.S.C. § 3582(c)(2) are DENIED.

The Clerk of Court is respectfully requested to terminate the motion (ECF 569).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: October 3, 2024
        New York, New York

COPY MAILED TO:

LUIS GOMEZ ORTIZ, Register No. 56450-509
FCI Coleman Low
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1031
COLEMAN, FL  33521

8